## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Criminal Case No.  20-cr-00009-RM-1

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.  GERALD DAN ROMERO,

    Defendant.

---

**INDICTMENT**

---

The Grand Jury charges:

**COUNT 1**

That at all times material to this Indictment, King Soopers supermarket located at 8126 S Wadsworth Blvd, Littleton, Colorado, was engaged in the commercial sale of various products, in interstate commerce and an industry which affects interstate commerce.

On or about April 5, 2019, in the State and District of Colorado, the defendant, GERALD DAN ROMERO, did unlawfully obstruct, delay, and affect, and attempt to obstruct, delay and affect, commerce as that term is defined in 18 U.S.C. § 1951, and the movement of articles and commodities in such commerce, by robbery as that term is defined in in 18 U.S.C. § 1951(b)(1), in that the defendant did unlawfully take and obtain personal property consisting of U.S. Currency from the presence of the owner and possessor of the property, employees of the King Soopers supermarket located at 8126

S Wadsworth Blvd, Littleton, Colorado, against their will by means of actual and threatened force, violence, and fear of injury to their person.

All in violation of Title 18, United States Code, Section 1951(a).

## COUNT 2

That at all times material to this Indictment, King Soopers supermarket located at 5301 West 38th Avenue, Wheat Ridge, Colorado, was engaged in the commercial sale of various products, in interstate commerce and an industry which affects interstate commerce.

On or about April 12, 2019, in the State and District of Colorado, the defendant, GERALD DAN ROMERO, did unlawfully obstruct, delay, and affect, and attempt to obstruct, delay and affect, commerce as that term is defined in 18 U.S.C. § 1951, and the movement of articles and commodities in such commerce, by robbery as that term is defined in in 18 U.S.C. § 1951(b)(1), in that the defendant did unlawfully take and obtain personal property consisting of U.S. Currency from the presence of the owner and possessor of the property, employees of the King Soopers supermarket located at 5301 West 38th Avenue, Wheat Ridge, Colorado, against their will by means of actual and threatened force, violence, and fear of injury to their person.

All in violation of Title 18, United States Code, Section 1951(a).

## COUNT 3

That at all times material to this Indictment, King Soopers supermarket located at 6470 E Hampden Avenue, Denver, Colorado, was engaged in the commercial sale of various products, in interstate commerce and an industry which affects interstate commerce.

On or about April 20, 2019, in the State and District of Colorado, the defendant, GERALD DAN ROMERO, did unlawfully obstruct, delay, and affect, and attempt to obstruct, delay and affect, commerce as that term is defined in 18 U.S.C. § 1951, and the movement of articles and commodities in such commerce, by robbery as that term is defined in in 18 U.S.C. § 1951(b)(1), in that the defendant did unlawfully take and obtain personal property consisting of U.S. Currency from the presence of the owner and possessor of the property, employees of the King Soopers supermarket located at 6470 E Hampden Avenue, Denver, Colorado, against their will by means of actual and threatened force, violence, and fear of injury to their person.

All in violation of Title 18, United States Code, Section 1951(a).

## COUNT 4

At all times material to this Indictment, Safeway supermarket located at 201 East Jefferson Avenue, Englewood, Colorado, was engaged in the commercial sale of various products, in interstate commerce and an industry which affects interstate commerce.

On or about May 2, 2019, in the State and District of Colorado, the defendant, GERALD DAN ROMERO, did attempt to obstruct, delay, and affect commerce as defined in 18 U.S.C. § 1951, and the movement of articles and commodities in such commerce, by robbery as defined in 18 U.S.C. § 1951(b)(1), in that the defendant did

3

attempt to unlawfully take and obtain personal property consisting of U.S. Currency from the presence of the owner and possessor of the property, employees of the Safeway supermarket located at 201 East Jefferson Avenue, Englewood, Colorado, against their will by means of actual and threatened force, violence, and fear of injury to their person.

All in violation of Title 18, United States Code, Section 1951(a).

## COUNT 5

At all times material to this Indictment, Target store located at 15700 East Briarwood Circle, Aurora, Colorado, was engaged in the commercial sale of various products, in interstate commerce and an industry which affects interstate commerce.

On or about May 5, 2019, in the State and District of Colorado, the defendant, GERALD DAN ROMERO, did attempt to obstruct, delay, and affect commerce as defined in 18 U.S.C. § 1951, and the movement of articles and commodities in such commerce, by robbery as defined in 18 U.S.C. § 1951(b)(1), in that the defendant did attempt to unlawfully take and obtain personal property consisting of U.S. Currency from the presence of the owner and possessor of the property, employees of the Target store located at 15700 East Briarwood Circle, Aurora, Colorado, against their will by means of actual and threatened force, violence, and fear of injury to their person.

All in violation of Title 18, United States Code, Section 1951(a).

## FORFEITURE ALLEGATION

1. The allegations contained in Counts One through Five of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeiture pursuant to the provisions of Title 18, United States Code, Section 981(a)(1)(C), Title

18, United States Code, Section 2641, Title 18, United States Code, Section 924(d), and Title 28, United States Code, Section 2461(c).

2. Upon conviction of the violations alleged in Counts One through Five of this Indictment involving violations of Title 18, United States Code, Sections 3, 1951(a), 2119, the defendant, GERALD DAN ROMERO, shall forfeit to the United States, pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and 2641, any and all of the defendant's right, title and interest in all property constituting and derived from any proceeds obtained directly and indirectly as a result of such offense, and all property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of such offense, including, but not limited to: a money judgment in the amount of proceeds obtained by the defendant.

3. If any of the property described above, as a result of any act or omission of the defendants:

   a) cannot be located upon the exercise of due diligence;

   b) has been transferred or sold to, or deposited with, a third party;

   c) has been placed beyond the jurisdiction of the Court;

   d) has been substantially diminished in value; or

   e) has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of said defendants up to the value of the forfeitable property.

A TRUE BILL:

<u>Ink Signature on File in Clerk's Office</u>
FOREPERSON

JASON R. DUNN
United States Attorney

By: *s/ Brian M. Dunn*
BRIAN M. DUNN
Assistant U.S. Attorney
U.S. Attorney's Office
1801 California St., Ste. 1600
Denver, CO 80202
Telephone: 303-454-0200
Fax:  303-454-0406
E-mail:  Brian.Dunn@usdoj.gov
Attorney for Government

6